UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CRISTIAN MAURICIO ESCUTI, an individual, and GERMAN SCHULZ, an individual,

        Plaintiffs,

v.

ENRIQUE MIGUEL IGLESIAS PREYSLER, an individual; DESCEMER BUENO, an individual; ALEXANDER DELGADO, an individual; RANDY MALCOM MARTINEZ, an individual; SEAN PAUL RYAN FRANCIS HENRIQUES, an individual; UNIVERSAL INTERNATIONAL MUSIC B.V., a Netherlands limited liability company; UNIVERSAL MUSIC PUBLISHING, INC., a California corporation d/b/a Universal Music Publishing Group; EMI APRIL MUSIC, INC., a Connecticut corporation; and SONY/ATV TUNES, LLC, a Delaware limited liability company;

        Defendants.
_____/

## COMPLAINT FOR COPYRIGHT INFRINGEMENT
## JURY TRIAL REQUESTED

Plaintiffs, Cristian Mauricio Escuti ("Escuti") and German Schulz ("Schulz") (collectively, "Plaintiffs"), by and through its undersigned counsel, hereby sue Defendants, Enrique Miguel Iglesias Preysler ("Iglesias" or "Defendant"), Descemer Bueno ("Bueno" or "Defendant"), Alexander Delgado ("Delgado" or "Defendant"), Randy Malcom Martinez ("Martinez" or "Defendant"), Sean Paul Ryan Francis Henriques ("Henriques" or "Defendant"), Universal International Music, B.V. ("UIM" or "Defendant"), Universal Music Publishing, Inc.

1

("UMP" or "Defendant"), EMI April Music, Inc. ("EMI"or "Defendant"), and Sony/ATV Tunes, LLC ("Sony" or "Defendant") (collectively, "Defendants"),  and allege as follows:

## Subject Matter of Suit

1.	This action arises under the Copyright Act, 17 U.S.C. §§501, *et. seq.*, and contains substantial claims that arise under federal law.  Plaintiffs, authors of their own musical composition titled "Quiero Bailar Contigo," assert their copyright rights in their musical composition against Defendants who copied their song without authorization.

## The Parties

2.	Plaintiffs, Escuti and Schulz, are individuals residing in the Southern District of Florida.

3.	Defendant, Enrique Miguel Iglesias Preysler, is an individual who has lived and has substantial ties to the Southern District of Florida.

4.	Defendant, Descemer Bueno, is an individual who resides in Miami, Florida.

5.	Defendant, Alexander Delgado, is an individual and Cuban national who resides in the Republic of Cuba.

6.	Defendant, Randy Malcom Martinez, is an individual and Cuban national who resides in the Republic of Cuba.

7.	Defendant, Sean Paul Ryan Francis Henriques, is an individual and Jamaican national who resides in Jamaica.

8.	Defendant, Universal International Music, B.V., is a legal entity similar to a limited liability company organized under the laws of the Netherlands that conducts business in the Southern District of Florida.

9. Defendant, Universal Music Publishing, Inc., is a California corporation with its principal place of business in Santa Monica, California, that conducts business in the Southern District of Florida.

10. Defendant, EMI April Music, Inc., is a Connecticut corporation with a principal place of business located in New York, New York and an agent for service of process located in Sacramento, California, that conducts business in the Southern District of Florida.

11. Defendant, Sony/ATV Tunes, LLC, is a Delaware limited liability company with a principal place of business in New York, New York that conducts business in the Southern District of Florida.

## Jurisdiction and Venue

12. This Court has personal jurisdiction over the Defendants, because they have, *inter alia*, conducted business in the Southern District of Florida, and because they are liable for copyright infringement, an intentional tort, which has been committed within this District.

13. This Court has subject matter jurisdiction under 28 U.S.C. §1331 because the claims asserted by Plaintiffs arise under the Copyright Act, 17 U.S.C. §§101, *et. seq*.

14. Venue is proper in this district under 28 U.S.C. §1391, because at least one of the defendants resides in this district and a substantial part of the events or omissions giving rise to the claims of the Plaintiffs occurred in this district. Venue is also proper under 28 U.S.C. §1400(a), because at least one of the defendants resides in this district or may be found in this district.

### Plaintiffs' Intellectual Property Rights

15.     On or about May 2009, Plaintiffs created the song, "Quiero Bailar Contigo," and at approximately that time, Plaintiffs recorded the song "Quiero Bailar Contigo" at a sound studio located in Miami, Florida (the "Quiero Bailar Contigo Original Work").

16.     Plaintiffs also created and recorded four other songs, including "Rock This Place," "La Yuca," "Rumba Party," and "Tengo Ganas."

17.     On or about April 27, 2014, Plaintiffs applied to register the copyright in their song, "Quiero Bailar Contigo," and the copyright registration was given Registration Number SR0000741422.

### Defendants' Infringing Activity

18.     In order to commercialize their musical works, Escuti and Schulz decided to contact Sony, at their Miami Beach, Florida office.

19.     In early 2012, Plaintiff Escuti contacted Sony via the company's Miami Beach, Florida office, communicating with Mr. Eddy Perdomo and Ms. Monica Jordan, initially via telephone calls, and later via email communications.

20.     Mr. Eddy Perdomo, with Sony expressed interest in Escuti and Schulz's songs, and on February 27, 2012, Escuti submitted to Sony the recording of the Quiero Bailar Contigo Original Work, explaining in an email to Mr. Perdomo "Hey Eddy! I am sending you 'Quiero Bailar Contigo', I think it may be a catchy, poppy and updated tune that you might be able to work with, and also for your time today, I know that it was an unexpected visit… Please keep me posted on anything you might need. Thank you. Cris Escuti."

21.     After following up with Mr. Eddie Perdomo several times, Escuti and Schulz, never heard back from Mr. Perdomo or anyone else at Sony.

22.     Then on or about May 2014, Escuti and Schulz heard the song "Bailando" by Defendant Iglesias, featuring "Gente de Zona" and Defendant Bueno, and realized that the infringing song "Bailando" incorporated Escuti and Schulz's chorus lines, melody, lyrics and rhythm from their Quiero Bailar Contigo Original Work (hereinafter, the "Bailando" work referenced as the "Infringing Work").

23.     Escuti and Schulz reviewed the information on the release of the "Bailando" Infringing Work and realized that the Infringing Work was released by Defendant Sony through Universal Music's Republic label, and thus, the Defendants had access to Escuti and Schulz's Quiero Bailar Contigo Original Work, the work that they had provided to Mr. Eddie Perdomo in February 2012.

24.     Credits for the Infringing Work indicate that it was released March 28, 2014, and that Defendants Iglesias, Bueno, Delgado and Martinez take credit for writing the song, while production was handled by Carlos Paucar.

25.     Credits for the Infringing Work also indicate that the English version of the song features Sean Paul, and the Portuguese version features Luan Santana and Mickael Carreira.

26.     On or about September 2014, Mr. Aniss Cherkaoui contacted Universal Music Publishing Group regarding the Defendants' use of Plaintiffs' "Quiero Bailar Contigo" in connection with the Infringing Work without Plaintiffs' permission, and Mr. Kent Klavens, Senior Vice-President for Universal Music Publishing Group, emailed Mr. Cherkaoui, explaining that "[y]ou should be aware we own and administer only 5% of this song. Therefore, any claim or settlement discussions would be better directed toward the larger copyright owners.  Our records show that 47.50% of the song is owned by EMI/April Music (which is administered by Sony/ATV Music) and that 37.50% of the song is co-owned equally between Sony/ATV Tunes

Llc and EIP Music (administered by Sony/ATV). Therefore, you should make this claim primarily with Sony/ATV rather than us, being that they control 85% (we do not know the name of the remaining 10% publisher)."

27. Upon information and belief, the Infringing Work has become the most commercially successful song of Enrique Iglesias' latest album "Sex and Love," charting in more than 20 countries worldwide and it is most successful in the Spanish and Portuguese speaking region, topping the charts in Colombia, Dominican Republic, Mexico, Portugal, Spain, and the Latin based charts in the United States.

28. Upon information and belief, the Infringing Work was the highest charting song from the album on the Billboard Hot 100 in the United States, peaking at number 12, becoming Enrique Iglesias' first Spanish single to ever peak into the top 20, and it was also his highest charting single from Sex and Love on the Canadian Billboard, peaking to number 13.

29. According to Billboard®, the song gave Iglesias 3 Latin Grammys including Song of the Year.

30. According to NBC News, in addition to being song of the year, "Bailando" won Best Urban Performance and Best Urban Song award also at the Latin Grammys 2014.

31. According to Business Insider (UK), the song "Bailando" was the second most watched video on YouTube in 2014 with 587.3 million views. As of January 26, 2014, the video has been viewed over 686 million times.

32. Upon information and belief, the Infringing Work has been downloaded well over one million times.

33. Iglesias has performed the Infringing Work several times, in the United States as well as abroad, including within the Southern District of Florida.

34. Plaintiffs are informed and believe, and thereon allege, that each Defendant named in this Complaint is in some manner responsible for the wrongs and damages as alleged below, and in so acting was functioning, at least at times, as the agent, servant, partner, alter ego and/or employee of the other Defendants, and in doing and/or not doing the actions mentioned below was acting within the course and scope of his or her or its authority as such agent, servant, partner, and/or employee with the permission and consent of the other Defendants. Further, all acts herein alleged were approved of and ratified by each of the Defendants.

35. At all times relevant to this suit, Plaintiffs Escuti and Schulz have been and still are the holder of the exclusive rights under the Copyright Act of 1976 (17 U.S.C. §§101 *et. seq.*, and all amendments thereto) to reproduce, distribute, perform, make derivative works, or sell, or license the reproduction, distribution, performance, creation of derivative works or sale in any format throughout the United States the musical composition "Quiero Bailar Contigo."

## COUNT I
## Copyright Infringement

36. Plaintiffs repeat, reallege and incorporate herein by reference the allegations of paragraphs 1 through 35, above.

37. As noted, Plaintiffs are the exclusive copyright owner and holder of a registration in and to the Quiero Bailar Contigo Original Work.

38. Beginning on a date unknown but no later than in or about March 2014 and continuing to the present, the Defendants have, *inter alia*, sold, offered for sale, performed and allow third parties to play the Infringing Work, and such infringing activity has also occurred in the South Florida area.

39. Plaintiffs have never authorized the Defendants, by license or otherwise, to use their Quiero Bailar Contigo Original Work.

40. Each infringing public performance, distribution or sale of the Infringing Work constitutes a separate claim against the Defendants under the Copyright Act.

41. Plaintiffs have sustained substantial damage to the value of their Quiero Bailar Contigo Original Work in that the previously described activities of the Defendants have diminished and will continue to diminish the revenues which Plaintiff could have otherwise received.

42. In addition, the Defendants have realized unlawful and unjust profits from their unauthorized and illegal duplication, distribution and sale of the Infringing Work.

43. Plaintiffs reasonably believe that, unless permanently enjoined by Order of this Court, they will continue to infringe the copyright of their Quiero Bailar Contigo Original Work, all to Plaintiffs' irreparable injury. As a result of the Defendants' acts of infringement, Plaintiffs are without an adequate remedy at law in that damages are difficult to ascertain and, unless injunctive relief is granted as prayed for herein, Plaintiffs will be required to pursue a multiplicity of actions.

44. The Defendants have committed all of the aforesaid acts of infringement deliberately, willfully, maliciously and oppressively, without regard to Plaintiffs' proprietary rights.

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

A. For an Order enjoining Defendants, and Defendants' officers, agents, employees, and those acting in concert or conspiracy with them from:

      1.    Infringing, or contributing to or participating in the infringement by others of any of the copyrights in and to the Quiero Bailar Contigo Original Work, or acting in concert with, aiding and abetting others to infringe any of said copyrights in any way;

      2.    Publicly displaying or advertising, promoting, marketing, manufacturing, duplicating, offering for sale, selling, distributing, or otherwise disposing of any brochures, catalogues, t-shirts, or other merchandise or materials containing, referring or relating to the Bailando Infringing Work;

      3.    That Defendants be required to deliver upon oath, to be impounded during the pendency of this action, any and all original or duplicate copies of the Bailando Infringing Work;

      4.    That Defendants be required to account for and pay over to Plaintiffs the actual damages suffered by them as a result of the aforesaid infringements and any profits of the Defendants attributable to each such infringement of each of Plaintiffs' copyrights or exclusive rights under copyright and to pay such damages to Plaintiffs as to this Court shall appear just and proper within the provisions of the Copyright Act, or, in the alternative, at Plaintiffs' election, statutory damages for infringement of each separate copyright as set forth in 17 U.S.C. §504, up to $150,000 for each work infringed;

      5.    That Defendants account for and pay over to Plaintiffs all damages sustained by them and profits realized by Defendants by reason of their unlawful acts, and that the amount of profits realized by Defendants be increased to a sum not exceeding three times the amount thereof as provided by law.

      6.    That Defendants be enjoined from publicly performing, offering for sale, offering for download, displaying or advertising, promoting, marketing, manufacturing, copying,

duplicating, offering for sale, selling, distributing, or otherwise disposing of any brochures, catalogues, t-shirts, or other merchandise or materials containing, referring or relating to the Infringing Work.

      7.     That Plaintiffs recover attorneys' fees and costs of suit incurred herein;

      8.     That Plaintiffs recover compensatory and consequential damages in an amount to be ascertained at trial;

      9.     That Plaintiffs recover exemplary damages according to proof; and

      10.    That Plaintiffs have such other and further relief as this Court deems just and proper.

PLAINTIFFS HEREBY DEMAND a jury trial under FRCP Rule 38(a).

Date:  January 26, 2015

Respectfully submitted,

By: s/ William R. Trueba, Jr.
     William R. Trueba, Jr.
     Florida Bar # 117544
     wtrueba@etlaw.com
     Jorge Espinosa
     Florida Bar # 779032
     Jespinosa@etlaw.com
     Francesca Russo.
     Florida Bar # 174912
     frusso@etlaw.com
     ESPINOSA | TRUEBA PL
     1428 Brickell Ave., Suite 100
     Miami, FL 33131
     Tel:   (305) 854-0900
     Fax:  (855) 854-0900 (toll free)
     *Attorneys for Plaintiffs*